IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

NOV 2 6 2012

Chauncey A. Williams, )
    Plaintiff, )
)
v. ) 1:12cv1129 (TSE/TRJ)
)
E. Day, )
    Defendant. )

## MEMORANDUM OPINION

Chauncey A. Williams, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the administrative grievance procedure and his diet at Nottoway Correctional Center ("NCC") violate his constitutional rights. Plaintiff has applied to proceed in forma pauperis in this action. By Order dated October 15, 2012, plaintiff was instructed to complete a standard form § 1983 complaint, which plaintiff submitted on November 15, 2012. Plaintiff's claim regarding the institutional grievance process must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim,[1] and defendants Washington, Bryant, James, and Montalbello must be dismissed. Plaintiff's claim regarding lack of wholesome food must proceed, and his application to proceed in forma pauperis must be granted.

---

[1] Section 1915A provides:
    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

## I. Background

Plaintiff currently resides at NCC. Am. Compl. 1., ECF No. 10. In his first claim, plaintiff asserts that "the administrative compulsory process ([Operating Procedure] # 866.1) is defective violating the substantive constitutional guarantees made applicable to states by the Fourteenth Amd." Id. at 4(B). In his second claim, plaintiff alleges that he was supposed to be suspended from the common fare diet for one year, from July 2010 to July 2011. Id. at 4(C). He claims that NCC no longer offers the common fare diet. Id. He also claims that the food he currently eats is too high in starch and lacks "recommended daily allowances of calories, which pose [sic] an unreasonable risk resulting in the loss of over (10) pounds." Id. He appears to allege that officials at NCC withhold food "as a disciplinary action for an individual inmate." Id.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and

Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . .", id. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949–50.

### III. Analysis

#### A. Administrative Grievance Process

Plaintiff's claim regarding the institutional grievance process must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. In his Amended Complaint, plaintiff states only that "the administrative compulsory process ([Operating Procedure] # 866.1) is defective violating the substantive constitutional guarantees made applicable to states by the Fourteenth Amd." Am. Compl. at 4(B). Plaintiff does not state how he believes the process is defective or how he was injured by the process. Because plaintiff does not allege sufficient facts to state a claim upon which relief can be granted, this claim must be dismissed.

#### B. Defendants Washington, Bryant, James, and Montalbello

It appears that plaintiff names Director Washington, Ombudsman Bryant, Ombudsman

James, and Regional Dietician Montalbello as defendants because of their supervisory roles at Nottoway Correctional Center. Supervisory officials may be held liable only in certain circumstances for the constitutional injuries inflicted by their subordinates. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "recognition that supervisory indifference or tacit authorization of subordinates misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted).

Here, plaintiff fails to allege any facts showing that the Sheriff of Chesapeake City Jail or the Director of VDOC had actual or constructive knowledge that subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to plaintiff. Plaintiff's mere recitals that supervisory officials can be held liable are not sufficient to show that defendants Washington, Bryant, James, or Montalbello had actual or constructive knowledge of

any injury to the plaintiff. Therefore, defendants Washington, Bryant, James, and Montalbello must be dismissed. Defendant E. Day will remain as the sole defendant in this action.

## IV. Application to Proceed In Forma Pauperis

Plaintiff's institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit to his inmate account of $16.77, had an average monthly balance of negative $2.40, and a balance of negative $0.00 at the time of inquiry. Therefore, the initial filing fee for this action will be waived. If plaintiff's account at any point has a positive balance, plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

## V. Conclusion

For the above-stated reasons, plaintiff's claim regarding the administrative grievance procedure and defendants Washington, Bryant, James, and Montalbello must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff's claim regarding lack of wholesome food must proceed, and his application to proceed in forma pauperis must be granted.

Entered this 26th day of Nov. 2012.

T. S. Ellis, III
United States District Judge

Alexandria, Virginia

5