IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Chauncey A. Williams, )
    Plaintiff, )
     )
v. ) 1:12cv1129 (TSE/TRJ)
     )
G.K. Washington, et al., )
    Defendants. )

## MEMORANDUM OPINION

Chauncey A. Williams, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the administrative grievance procedure and his diet at Nottoway Correctional Center ("NCC") violate his constitutional rights By Memorandum and Opinion dated November 26, 2012, plaintiff's claim regarding the institutional grievance process and defendants Washington, Bryant, James, and Montalbello were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff's claim regarding lack of wholesome food was permitted to proceed, and the remaining defendant, E. Day, was directed to respond to the complaint.

Defendant has filed a Motion for Summary Judgment and informed plaintiff that he had twenty-one (21) days to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has responded; accordingly, this matter is now ripe for disposition. For the following reasons, defendant's Motion for Summary Judgment must be granted.

### I. Background

The following facts are undisputed:

Plaintiff was incarcerated at Nottoway Correctional Center ("NCC") from July 1, 2010 to approximately March 19, 2013. Letter from Pet., ECF No. 34. On April 27, 2012, plaintiff

submitted a regular grievance in which he alleged he was being denied the opportunity to transfer institutions to participate in the Common Fare Diet program, even though he met all the requirements. James Aff. Encl. B (attached to Mot. Summ. J.), ECF No. 22-2 at 3; Opp. Ex., ECF No. 29-2 at 50. Former Assistant Warden J.R. Townsend issued a Level I response to plaintiff's grievance and indicated that his classification score required that he be housed at a Level V facility, which does not have the Common Fare Diet program. James Aff. Encl. B, ECF No. 22-2 at 2; Opp. Ex., ECF No. 29-2 at 49. Plaintiff appealed the Assistant Warden's decision to the Chief of Operations, who issued a Level II response and determined that plaintiff's appeal was unfounded. James Aff. Encl. B, ECF No. 22-2 at 1; Opp. Ex., ECF No. 29-2 at 48.

On June 21, 2012, plaintiff submitted a regular grievance in which he alleged that he had consumed spoiled cabbage and possibly had gotten food poisoning. James Aff. Encl. C, ECF No. 22-2 at 12; Opp. Ex., ECF No. 29-2 at 66. Former Assistant Warden J.R. Towsend issued a Level I response to plaintiff's grievance and stated that an investigation conducted into the complaint revealed there was no merit to plantiff's claim. James Aff. Encl. C, ECF No. 22-2 at 11; Opp. Ex., ECF No. 29-2 at 63. Plaintiff appealed the Assistant Warden's decision to the Regional Administrator, who issued a Level II response and determined that plaintiff's appeal was unfounded. James Aff. Encl. C, ECF No. 22-2 at 10; Opp. Ex., ECF No. 29-2 at 62.

On July 16, 2012, plaintiff submitted a regular grievance in which he alleged that the lunch he received on July 4, 2012 did not contain enough calories. James Aff. Encl. D, ECF No. 22-2 at 16. Warden Henry Ponton issued a Level I response to plaintiff's grievance and stated that an investigation conducted into the complaint revealed that the meal on July 4, 2012 contained more than a sufficient amount of food. James Aff. Encl. D, ECF No. 22-2 at 15. Plaintiff did not appeal the Warden's decision to Level II. James. Aff. ¶ 13.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

Defendant's Motion for Summary Judgment must be granted because plaintiff did not exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 92 (2006) (requiring complete exhaustion of correctional facility administrative remedies). Virginia inmates are required to exhaust the claims raised in the instant complaint in accordance with the Virginia Department of Corrections ("VDOC") grievance procedures. In particular, they must comply with VDOC Department Operating Procedure ("DOP") 866, which provides multiple levels of administrative remedies in the form of inmate grievances. Per DOP 866-7.13, an inmate must first attempt to resolve any issues informally. Prison officials must respond to the inmate's complaint within fifteen days of receiving an informal complaint. See DOP 866-7.13. After seeking informal resolution, an inmate may file a regular grievance to the warden or superintendent. The grievance must be filed within thirty (30) days of the underlying incident or occurrence. See DOP 866-7.14. Depending on the subject of the grievance, up to two additional levels of review by higher authorities within VDOC may be available following the filing of a regular grievance. See DOP 866-7.15.

Defendant contends that plaintiff filed only three food-related grievances at NCC and that only one grievance, filed on July 16, 2012, addressed the claim in the instant action—that defendant has failed to provide plaintiff with wholesome and nutritionally adequate food. They further contend that, because plaintiff did not seek a second-level appeal of the grievance, plaintiff has failed to exhaust his administrative remedies.

In his opposition to the Motion for Summary Judgment, plaintiff disputes defendant's contention that he only filed three food-related grievances and has failed to exhaust his administrative remedies. In support of his argument, plaintiff attaches several original copies of informal complaints, grievances, and appeals he has filed at NCC, the earliest of which was filed on August 31, 2010. Opp. Ex., ECF No. 29-1 & 29-2. While it appears that plaintiff filed more than three food-related informal complaints and grievances while incarcerated at NCC, exhibits attached to both plaintiff's and defendant's pleadings show that plaintiff did not appeal the grievance he filed concerning nutritionally adequate food to the second level of appeal.

Moreover, even if plaintiff had exhausted his administrative remedies, plaintiff's claim would be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted.[1] Although the Eighth Amendment requires prisons to provide inmates with wholesome and nutritious meals, an inmate must allege a serious injury arising from the provision of inadequate food to state an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 298 (1991); White v. Gregory, 1 F.3d 267, 268 (4th Cir. 1993), cert. denied, 510 U.S. 1096 (1994) (concluding that plaintiff failed to state a claim because he failed to allege "serious or significant physical or mental injury" from being served only two meals a day on holidays and weekends);

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Islam v. Jackson, 782 F. Supp. 111, 114–15 (E.D. Va. 1992) (holding that plaintiff who became ill after eating one meal but was treated immediately and suffered no lasting affects did not state a serious injury); Lunsford v. Reynolds, 376 F. Supp. 526 (W.D. Va. 1974) (determining that a claim of occasional incidents of foreign objects in food does not state Eighth Amendment claim). Plaintiff failed to allege that he suffered a serious injury as a result of the food at NCC. Therefore, defendant's Motion for Summary Judgment must be granted.

### IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment must be granted. An appropriate Order shall issue.

Entered this 14th day of August 2013.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia